EDWARD CERASIA II
ANJANETTE CABRERA
ALLISON E. IANNI
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

Attorneys for Defendants
and Third-Party Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

LARRY HOFF,

               Plaintiff,

     v.

WPIX, INC., TRIBUNE COMPANY, and BETTY
ELLEN BERLAMINO, in her professional and
individual capacities,

               Defendants.

----------------------------------------------------------x

WPIX, INC., TRIBUNE COMPANY, and BETTY
ELLEN BERLAMINO, in her professional and
individual capacities,

               Third-Party Plaintiffs,

     v.

KAREN SCOTT

               Third-Party Defendant.

----------------------------------------------------------x

11-CV-1591 (LBS)

RECEIVED
MAY 09 2011
U.S.D.C. S.D. N.Y.
CASHIERS

## THIRD-PARTY COMPLAINT AND JURY DEMAND

    Defendants WPIX, Inc. ("WPIX"), Tribune Company ("Tribune"), and Betty Ellen

Berlamino ("Berlamino") (collectively, the "Defendants"), by and through their attorneys,

Seyfarth Shaw LLP, bring this Third-Party Complaint for contribution against Third-Party

Defendant Karen Scott ("Scott"), and hereby allege as follows:

## NATURE OF ACTION

1.      This is an action for contribution in the event that there is a judgment against

Defendants in the lawsuit ("Lawsuit") filed by Plaintiff Larry Hoff ("Hoff"), who alleges that

Defendants terminated his employment with WPIX, Inc. ("WPIX") because of his age.

2.      Defendants expressly denies that they engaged in any unlawful or discriminatory

conduct toward Hoff, but, in the event that they are found liable to Hoff for age discrimination,

Scott is liable to them for contribution because Scott knowingly participated in the decision not

to renew Hoff's contract and thereby end his employment with WPIX.

## JURISDICTION AND VENUE

3.      This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C.

§ 1367, as the claims here are so related to the claims in the Lawsuit that they form part of the

same case or controversy under Article III of the United States Constitution, and are, moreover,

claims that involve the joinder or intervention of additional parties.

4.      This Court has personal jurisdiction over Scott because the events giving rise to

the claims herein occurred in this District.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because the

events giving rise to the claims herein occurred in this District.

## PARTIES

6.      During the relevant time frame, Berlamino was employed by WPIX, a subsidiary

of Tribune, as its General Manager.  In this capacity, Berlamino supervised the News, Sales,

Research, Traffic, Finance, Local Production and Community Affairs, Human Resources and

Creative Services departments, and was responsible for the overall profitability of the television station.

      7.      During the relevant time frame, Scott was employed by WPIX as its News Director.  In this capacity, Scott was responsible, among other things, for the profitability of the News Department and was actively involved with making employment decisions as to on-air talent for the news programming.

**FACTUAL ALLEGATIONS**

      8.      During the relevant time frame, Hoff was employed by WPIX as a features reporter for its morning news program.

      9.      On March 8, 2011, Hoff filed a Complaint ("Complaint") against Defendants, alleging that they terminated his employment because of his age.  A true and correct copy of the Complaint is annexed hereto as Exhibit A.  The Complaint asserts claims against Defendants for age discrimination under the New York State Human Rights Law, New York Executive Law §§ 290 *et seq.* ("NYSHRL") and the New York City Human Rights Law, New York Administrative Code §§ 8-101 *et seq.* ("NYCHRL").  The Complaint seeks declaratory, injunctive and equitable relief, as well as monetary damages, against Defendants.

      10.      Hoff alleges, *inter alia*, that during his employment at WPIX he received "consistently good feedback" from Scott, and that, on or around August 2009, Scott informed Hoff that she wanted him to sign a new 5-year contract with WPIX.  If Scott made that statement, she did so without authorization from WPIX or Berlamino, and did so contrary to her prior statements.

      11.      Hoff alleges further that, on or around November 1, 2009, Berlamino informed him that WPIX was not going to renew his contract and that his employment would end.  He

3

further alleges that he was replaced as WPIX's morning features reporter by an individual who was his junior by several decades.

12.     In Scott's capacity as News Director at WPIX, she was involved in deciding whether or not to renew the contracts for WPIX's on-air talent.  Prior to the termination of her employment, Scott knowingly participated in, and agreed with, the decision not to renew Hoff's contract.

13.     In his Complaint, Hoff alleges that age discrimination was behind both the decision not to renew his contract, and asserts age discrimination claims under the NYSHRL and NYCHRL.

14.     Defendants expressly deny that they engaged in any unlawful and/or discriminatory conduct toward Hoff.  Nevertheless, in the event that Defendants are held liable for any of the claims in Hoff's Complaint, they are entitled to contribution from Scott because of Scott's role in the decision not to renew Hoff's contract and end his employment at WPIX.  At the very least, Scott aided and abetted the alleged conduct that forms the basis for Hoff's claims in his Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Contribution for Alleged Violation of the New York State Human Rights Law)

15.     Defendants repeat and reallege paragraphs 1 through 14 as through fully set forth herein.

16.     Defendants deny any and all allegations and liability with respect to Hoff's claims.  However, in the event that judgment is entered against Defendants for any of Hoff's age discrimination claims under the NYSHRL, Scott is liable to Defendants for contribution with respect to any such judgment.

4

## AS AND FOR A SECOND CAUSE OF ACTION
### (Contribution for Alleged Violation of the New York City Human Rights Law)

17.     Defendants repeat and reallege paragraphs 1 through 14 as through fully set forth herein.

18.     Defendants deny any and all allegations and liability with respect to Hoff's claims.  However, in the event that judgment is entered against Defendants for any of Hoff's age discrimination claims under the NYCHRL, Scott is liable to Defendants for contribution with respect to any such judgment.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that, in the event the Court enters judgment against them for liability for·damages to Hoff on any of his discrimination claims, the Court shall enter judgment in their favor and against Scott, consisting of the following relief:  (a) a declaratory judgment that Scott's actions and conduct violated the NYSHRL and/or NYCHRL; (b) an award of money damages against Scott for contribution in an amount to be determined at trial, plus any applicable interest; (c) an award of attorneys' fees and costs that Defendants have incurred in connection with their third-party claim for contribution; and (d) such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
      May 9, 2011

                          SEYFARTH SHAW LLP

                          By _Edward Cerasia II_____

                            Edward Cerasia II
                            Anjanette Cabrera
                            Allison E. Ianni
                          620 Eighth Avenue, 32nd Floor
                          New York, New York 10018
                          (212) 218-5500

                          Attorneys for Defendants
                          and Third-Party Plaintiffs

# Exhibit A

11 CV · 1591



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------- x

LARRY HOFF,                                    :
                                               :
                        Plaintiff,             :        Civil Action No.
                                               :
        v.                                     :
                                               :        **COMPLAINT**
WPIX, INC.; TRIBUNE COMPANY; and BETTY ELLEN   :
BERLAMINO, in her professional and individual capacities,   :
                                               :        **JURY TRIAL DEMANDED**
                        Defendants.            :
                                               :
------------------------------------------------- x

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Larry Hoff ("Plaintiff" or "Mr. Hoff"), by and through his undersigned counsel,

Thompson Wigdor & Gilly LLP, as and for his Complaint in this action against Defendants

WPIX, Inc. ("WPIX"), the Tribune Company, and Betty Ellen Berlamino ("Ms. Berlamino")

(collectively referred to herein as "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory, injunctive and equitable relief, as well as

monetary damages, to redress Defendants' unlawful employment practices against Plaintiff,

including discriminatory treatment of Plaintiff due to his age in violation of the New York State

Human Rights Law, New York Executive Law §§ 290 *et seq.* ("NYSHRL"), and the New York

City Human Rights Law, New York Administrative Code §§ 8-101 *et seq.* ("NYCHRL").

2.      Defendants' conduct was knowing, malicious, willful and wanton and/or showed

a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer

substantial economic and non-economic damages, permanent harm to his professional and

personal reputations, and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §
1332, as there is diversity of citizenship between Plaintiff, a resident of the State of Connecticut,
and Defendants, none of whom is a resident of the State of Connecticut, and this action involves
a matter in controversy that exceeds the sum of $75,000, exclusive of interest and cost.

4.     The Court has personal jurisdiction over Defendants because a significant portion
of the unlawful employment practices and events giving rise to the claims alleged herein
occurred in this District.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a
substantial part of the events or omissions giving rise to these claims, including the unlawful
employment practices alleged herein, as well as Plaintiff's and Defendant Berlamino's
employment with Defendant WPIX, occurred in this District.

## PARTIES

6.     Plaintiff Hoff, a former employee of WPIX-TV (Channel 11), is a resident of
Fairfield County in the State of Connecticut.  At all relevant times Mr. Hoff worked in New
York City and met the definition of an "employee" under all applicable statutes throughout his
employment with Defendant WPIX.

7.     WPIX, with a principal place of business located at 220 East 42nd Street, New
York, New York 10017, is the "flagship" television station of the CW Television Network and,
upon information and belief, is received in over 10 million homes.  The PIX11 Morning News
has been one of WPIX's most successful programs.

8.     WPIX is a wholly owned subsidiary of Tribune Broadcasting, a division of the
Tribune Company.  The Tribune Company, with a principal place of business located at 435

North Michigan Avenue, Chicago, Illinois 60611, is one of the largest media companies in the

United States, with enterprises in the publishing, broadcasting, and digital media industries.

9.       Upon information and belief, Ms. Berlamino is a resident of the State of New

Jersey.  At all relevant times she was employed as General Manager for WPIX, in which

capacity she participated directly in the unlawful discrimination as alleged herein.  Upon

information and belief, on or about June 8, 2010, Ms. Berlamino was terminated by WPIX.

## PROCEDURAL REQUIREMENTS

10.      Plaintiff has complied with all statutory prerequisites to filing this action.

11.      Prior to commencement of this action, a copy of this Complaint was served on the

New York City Commission on Human Rights and the Office of the Corporation Counsel of the

City of New York, thereby satisfying the notice requirement of § 8-502 of the New York City

Administrative Code.

12.      Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

### Plaintiff's Employment at WPIX

13.      Mr. Hoff, who currently is 60 years old, is one of the most recognizable and

beloved media personalities in the New York City tri-state area.  Mr. Hoff joined WPIX in June,

2000, and worked from then until December 2009 as a live-action Features broadcast reporter for

the PIX Morning News.

14.      By the end of 2009, when his final contract at WPIX was not renewed, Mr. Hoff

had more than 30 years of experience in television broadcasting and reporting.  The PIX

Morning News benefited from increased ratings and critical success during Mr. Hoff's tenure

3

with the station, and Mr. Hoff was part of an ensemble that was nominated seven times for local Emmy awards, with four wins.

15.    Mr. Hoff's segments on the PIX Morning News were consistently popular with the station's viewers.  In addition, Mr. Hoff received consistently good feedback from the station's managers, including News Director Karen Scott ("Ms. Scott"), and enjoyed warm and effective working relationships with his colleagues at WPIX, both on and off the air.

16.    Mr. Hoff also displayed continual commitment to WPIX and personal resilience through his excellent attendance (doing at least three live segments every weekday morning) and pursuit of daredevil story ideas.  For example, after falling from a horse and breaking his back and several ribs while doing a live story in 2006, Mr. Hoff returned to the airwaves after only a ten-week absence.

17.    Mr. Hoff's live on-camera exploits while with WPIX have included climbing 80 stories to the top of 40 Wall Street Tower with steeplejacks using only ropes, being shot out of a cannon at the Cole Brothers Circus, "polar bear" swims in the ocean in 20-degree temperatures, and rappelling 28 stories down the side of the Landmark Building in Stamford, Connecticut dressed as Santa Claus.  Mr. Hoff has reprised the last stunt annually for the last several years, and most recently did so on or around December 5, 2009.

18.    Mr. Hoff's performance and contributions to WPIX were such that in or around August 2009, Ms. Scott told Mr. Hoff that she wanted to sign him to a new 5-year contract with WPIX.

4

**WPIX's Non-Renewal of Mr. Hoff's Contract**

19.     However, on or around November 1, 2009, Ms. Berlamino, WPIX's General

Manager at the time, summoned Mr. Hoff to her office to tell him that his contract with WPIX,

set to expire on December 31, 2009, would not be renewed.

20.     Mr. Hoff proposed syndicating his segment or seeking sponsorship or

opportunities for branded content to Ms. Berlamino on multiple occasions, including at the time

of his termination.  Ms. Berlamino rejected every proposal for alternate employment or business

arrangements made by Mr. Hoff.

21.     Mr. Hoff was not given an explanation for the non-renewal of his contract, apart

from being told by Ms. Berlamino that the station was "going in another direction," and received

no further communication from Defendants regarding his contract.

22.     Mr. Hoff's last day working at WPIX was on or around December 18, 2009.  Mr.

Hoff received a warm send-off from the on-air team, complete with a three-minute highlight reel

edited together from his nearly ten years of reporting for WPIX.

23.     Mr. Hoff learned some time after his broadcast at the station that he was replaced

as WPIX's morning Features reporter by Lisa Matteo, who, upon information and belief, is his

junior by a few decades and had little previous reporting experience.

24.     Mr. Hoff's sudden and unceremonious dismissal from WPIX is merely one

example of a consistent and barely concealed effort by Ms. Berlamino to push older members of

the broadcast team out of WPIX.  This pattern of dismissals took hold soon after Samuel Zell

became the controlling minority shareholder of the Tribune Company in or around April 2007

and the company's Chairman in or around December 2007.  Upon information and belief, Mr.

Zell visited WPIX in or around 2008 and, in a speech to the station's assembled employees,

5

declared that there was no longer a need for a Human Resources department, there was "a new sheriff in town" and the station would have to depart from outmoded, stodgy thinking. Furthermore, President of Tribune Broadcasting Jerry Kersting has been responsible for filling various senior positions at WPIX, including, upon information belief, Ms. Berlamino's former position of General Manager and Ms. Scott's former position as News Director.

25.     Karen Scott filed an age discrimination suit in connection with her own termination, which occurred in August 2009. Upon information and belief, Ms. Scott is currently sixty years old.

26.     By way of example only, Ms. Scott's complaint points to at least three other well-known reporters and anchors targeted by Ms. Berlamino and WPIX because of their age. Ms. Scott's complaint alleges that, in 2009, WPIX demoted Marvin Scott, 72, a well-respected television reporter, from weekday to weekend programming. Ms. Berlamino had frequently made age-related remarks about Mr. Scott, such as "Why doesn't he just retire already?"

27.     Ms. Scott's complaint also alleges that, in 2009, WPIX tried to force anchor Kaity Tong, 59, to quit by directing her to undertake tasks and responsibilities which differed from those assigned to other anchors and reporters.

28.     By way of example only, Ms. Scott has said that before Ms. Berlamino declined to renew sports anchor Salvatore Marchiano's contract in or around October 2008, Ms. Berlamino would remark harshly on Mr. Marchiano's appearance, remarking to Ms. Scott that because of his age he "doesn't look good on the air."

29.     Mr. Hoff discussed with his crew and other WPIX staff the possibility of age discrimination against Marvin Scott and Mr. Marchiano around the time of WPIX's adverse employment decisions regarding those two employees in 2008 and 2009.

30.     By way of example only, Ms. Scott told Mr. Hoff that Ms. Berlamino made age-related comments about Mr. Hoff as well, such as asking "Isn't he too old?" in meetings with other employees. Ms. Scott further informed Mr. Hoff that Ms. Berlamino and WPIX had disregarded positive feedback about Mr. Hoff that the station had received in 2009 from a consultant retained by WPIX.

31.     Ms. Berlamino took a negative view of Mr. Hoff in spite of his otherwise superb working relationships with the station's executives, managers, on-air talent, and staff, and the strong ratings received by the PIX Morning News and his live Features segments.

32.     Many viewers have posted comments online expressing regret that Mr. Hoff is no longer part of WPIX's morning team, and citing him as one of the program's chief assets.

33.     Both WPIX's staff and the general public have voiced their strong disapproval of the station's discriminatory practices since Mr. Hoff's departure from the station. A flurry of articles has appeared online and in print discussing the prevalence of age discrimination in the local broadcast television industry. These items have attracted many comments from readers affirming the likelihood that age-related discriminatory motives were behind various personnel moves at WPIX.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Discrimination in Violation of New York State Human Rights Law)

34.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 31, inclusive, as if fully set forth herein.

35.     Defendants have discriminated against Plaintiff on the basis of his age in violation of the New York State Human Rights Law by subjecting Plaintiff to disparate treatment based

7

upon his age, including, but not limited to, by terminating Plaintiff's employment because of his age.

36.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

37.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for this he is entitled to an award of monetary damages and other relief.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Aiding and Abetting Violations of New York State Human Rights Law)

38.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 37, inclusive, as if fully set forth herein.

39.     Defendant Berlamino knowingly and/or recklessly aided and abetted the unlawful, discriminatory employment practices against Plaintiff in violation of the New York State Human Rights Law.

40.     As a direct and proximate result of Defendant Berlamino's unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

8

41.     As a direct and proximate result of Defendant Berlamino's unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Discrimination in Violation of New York City Human Rights Law)

42.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43.     Defendants have discriminated against Plaintiff on the basis of his age in violation of the New York City Human Rights Law by subjecting Plaintiff to disparate treatment based upon his age, including, but not limited to, by terminating Plaintiff's employment because of his age.

44.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

45.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

9

46.     Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the New York City Human Rights Law, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION

**(Aiding and Abetting Violations of New York City Human Rights Law)**

47.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 46, inclusive, as if fully set forth herein.

48.     Defendant Berlamino knowingly or recklessly aided and abetted the unlawful, discriminatory employment practices against Plaintiff in violation of the New York City Human Rights Law.

49.     As a direct and proximate result of Defendant Berlamino's unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

50.     As a direct and proximate result of Defendant Berlamino's unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

51.     Defendant Berlamino's unlawful and discriminatory actions constitute malicious, willful and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A.  A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the State of New York and the City of New York;

B.  An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.  An order directing Defendants to place Plaintiff in the position he would have occupied but for Defendants' discriminatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action, including but not limited to reinstatement, as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

D.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

E.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

11

F.       An award of damages in an amount to be determined at trial, plus prejudgment

interest, to compensate Plaintiff for harm to his professional and personal reputations and loss of

career fulfillment;

G.       An award of damages for any and all other monetary and/or non-monetary losses

suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H.       An award of punitive damages;

I.       An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's

reasonable attorneys' fees to the fullest extent permitted by law; and

J.       Such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: March 8, 2011
       New York, New York          Respectfully submitted,

          **THOMPSON WIGDOR & GILLY LLP**

          By: _____
                    Douglas H. Wigdor

          85 Fifth Avenue
          New York, New York 10003
          Telephone: (212) 257-6800
          Facsimile: (212) 257-6845
          dwigdor@twglaw.com

          *Attorneys for Plaintiff Larry Hoff*

12