| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| LARRY HOFF,<br><br>                          Plaintiff,<br><br>         v.<br><br>WPIX, INC., TRIBUNE COMPANY, and BETTY ELLEN BERLAMINO, in her professional and individual capacities,<br><br>                          Defendant. |
| WPIX, INC., TRIBUNE COMPANY, and BETTY ELLEN BERLAMINO, in her professional and individual capacities,<br><br>                      Third-Party Plaintiffs,<br><br>         v.<br><br>KAREN SCOTT<br><br>                      Third-Party Defendant. |

11 Civ. 1591 (LBS)

**MEMORANDUM & ORDER**

SAND, J.

      Before the Court is Third-Party Defendant Karen Scott ("Scott")'s motion to dismiss the third-party complaint filed by WPIX, Inc. ("WPIX), Tribune Company, and Betty Ellen Berlamino ("Berlamino") (collectively, "Third-Party Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, Scott's motion to dismiss is denied.

**I.    Background**

      This case concerns a claim of age discrimination brought by Larry Hoff, a former television reporter at WPIX. Hoff is an experienced broadcaster, who worked as a reporter at WPIX from June 2000 until December 2009, when his contract with the station was not renewed.

1

Hoff Compl. ¶¶ 13–14.  At the time of his termination in 2009, Hoff was around 58 years old. *Id.* ¶ 13.  In a Complaint filed with this Court on March 8, 2011, Hoff claimed that he was fired because of his age, in violation of the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§ 8-101 *et seq*.  Hoff sought injunctive and equitable relief, as well as monetary damages and costs, from the Third-Party Plaintiffs.  *Id.* ¶¶ A–J.

Plaintiffs responded to Hoff's Complaint by filing an Answer denying all of the substantive allegations against them.  They also filed a Third-Party Complaint in which they asserted a claim for contribution from Scott in the event that they were found liable to Hoff.  In the Third-Party Complaint, Plaintiffs argued that because Scott, who worked as News Director at WPIX until August 2009, played a role in the decision to terminate Hoff, she should share in whatever liability they are found to possess.  Third-Party Compl. ("TPC") ¶ 2.

In response, Scott filed the motion that is the subject of this Order.

## II.     Standard of Review

On a motion to dismiss, a court reviewing a complaint will consider all material factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Lee v. Bankers Trust Co.*, 166 F.3d 540, 543 (2d Cir. 1999).  To survive dismissal under Fed. R. Civ. P. 12(b)(6), "the plaintiff must provide the grounds upon which his claim rests through 'factual allegations sufficient to raise a right to relief above the speculative level.'"  *ATSI Commc'ns Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87, 93 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 ( 2009).

Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 570).

The same standards apply to a motion to dismiss a third-party complaint.

### III.     Discussion

Scott makes two arguments in favor of dismissal.  First, she argues that the Third-Party Complaint fails to establish a plausible claim for contribution under New York law because it fails to adequately demonstrate that Scott "had a part in causing or augmenting the injury for which contribution is sought," as state law requires before liability can attach to third parties. *Nassau Roofing & Sheet Metal Co. v. Facilities Dev. Corp.*, 71 N.Y.2d 599, 602 (N.Y. 1988). In support of this argument, Scott notes the undisputed fact that she lost her job as News Director at WPIX two months *before* Hoff was informed by Berlamino that the station had decided not to renew his contract.   Third Party Def.'s Memo. Supp. Mot. Dismiss ("Scott Memo") at 2.  Scott argues that this fact undermines the plausibility of Third-Party Plaintiffs' claim that she actively participated in his termination and therefore "had a part in causing or augmenting" Hoff's injury.

Scott also argues that the Complaint should be dismissed because it fails to make any allegations, or introduce any evidence, that she acted in a discriminatory fashion towards Hoff and thus fails to make out a prima facie case of age discrimination against her.  Scott Memo at 6. Under New York law, third parties are liable for contribution only when they are shown to share in the liability for the wrongful act.  *Trustees of Columbia University v. Mitchell/Giurgola Assoc.*, 492 N.Y.S.2d 371, 375–376 (N.Y. App. Div. 1985) ("The right to contribution and apportionment of liability among alleged multiple wrongdoers  arises when they each owe a duty to plaintiff or to each other and by breaching their respective duties they contribute to plaintiff's ultimate injuries").  Scott argues that the Third Party Complaint's failure to make out a prima

facie case of age discrimination against her renders implausible its claim that she shares liability for Hoff's improper termination. On this ground also Scott moves the Court to dismiss the Complaint.

We find neither argument convincing. With respect to Scott's first argument, while the fact that Scott was no longer employed at WPIX when Hoff was fired obviously complicates Plaintiffs' case against her, it hardly renders it implausible. Before she left the station, Scott served as News Director—a position in which, Plaintiffs allege, she helped make employment decisions with respect to news reporters such as Hoff. TPC ¶ 7. In addition, Plaintiffs introduce evidence showing that, prior to her departure, Scott had begun to discuss Hoff's future at WPIX with others at the station. Specifically, they cite an August 2009 memorandum that Scott sent to Berlamino, who was at the time the General Manager at WPIX, which suggested that Hoff's contract, which was due to expire at the end of that year, not be renewed. Third-Party Pls.' Memo. Opp. Mot. Dismiss at 3. Although, at this stage in the proceedings, it is unclear how large a role this memorandum ultimately played in Hoff's termination, we find it sufficient—construing all inferences in favor of Plaintiffs as we are required to do—to establish a reasonable inference that Scott did play a role in the decision not to renew Hoff's contract and thus helped "cause or augment" the injury for which Hoff seeks relief.

With respect to Scott's second argument, the Second Circuit has made clear that plaintiffs in this Circuit are not required to make out a prima facie case of employment discrimination in order to survive a motion to dismiss. *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006). Instead, they are required to plead sufficient facts "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Boykin v. KeyCorp*, 521 F.3d

4

202, 214 (2d Cir. 2008).[1]  Thus, we do not have to reach the question of whether the Third-Party Complaint does or, as Scott argues, does not make out a prima facie case of age discrimination. Instead, we find it sufficient that the Complaint provides Scott with notice of the claims against her and the grounds on which Plaintiffs allege she is liable to them for contribution.  The liberal pleading standard established in this Circuit for discrimination claims is particularly appropriate for third-party claims such as this, which ultimately depend upon factual questions that are better determined after discovery, rather than before it.  *See Silvesky v. Greyhound Corp.*, 174 F. Supp. 378, 379 (E.D.N.Y. 1959) ("A third party complaint should be dismissed only when there is not the slightest possibility that the proof will establish the ultimate liability of the third party defendant.");  6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Fed. Practice & Procedure* § 1448 (3d ed.) ("Because the question whether someone is a joint tortfeasor is largely one of fact to be determined by the jury, a motion to dismiss the third-party complaint on the ground that it fails to state a claim normally should be denied and the third-party plaintiff allowed an opportunity to produce evidence as to the nature of the relationship.")

We therefore conclude that the Third-Party Complaint adequately states a claim for relief for contribution.

---

[1] Although these pleading standards were developed to deal with claims of employment discrimination brought under federal law, they also may apply to claims brought pursuant to New York state and city law, given the longstanding practice of reading state and federal civil rights law in tandem with one another. *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1180 (2d Cir. 1992);  *Miller Brewing Co. v. State Div. of Human Rights*, 489 N.E.2d 745, 746-47 (1985);  *Grumman Aerospace Corp. v. New York State Div. of Human Rights*, 542 N.Y.S.2d 681, 682 (2d Dep't 1989). Where they differ, courts construe local law more liberally than federal law. *Ortiz-Moss v. New York City Dept. of Transp.*, No. 05 Civ. 4206, 2008 U.S. Dist. LEXIS 32048, at * 17 (S.D.N.Y. Apr. 18, 2008).  This means that where, as here, we find that employment discrimination claims would have been adequately pleaded had they been brought pursuant to federal law, we must conclude that they are adequately pleaded when brought pursuant to state or city law.  *See Gillman v. Inner City Broad. Corp.*, No. 08 Civ. 8909 (LAP), 2009 U.S. Dist. LEXIS 85479, at *15 (S.D.N.Y. Sept. 18, 2009) ("[S]ince NYCHRL claims are construed more broadly than Title VII claims and NYHRL claims, so long as a plaintiff has made out federal and state claims, he has in most cases made out a city claim as well.").

("[T]he New York City Human Rights Law is, in certain respects, meant to be more protective than the parallel federal and state statutes."). As the New York City Council noted in 2005, "[i]nterpretations of New York state or federal statutes with similar wording may be used to aid in interpretation of New York City Human Rights Law, viewing similarly worded provisions of federal and state civil rights laws as a floor below which the City's Human Rights law cannot fall." Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85 §1 (2005). Given that state and federal civil rights laws are meant to serve as a floor for the NYCHRL, the fact that the Complaint states a plausible claim for contribution under the aiding and abetting provision in the state human rights law means that it must also state a plausible claim for contribution with respect to the almost identically worded provision in the NYCHRL.

We therefore do not have to reach the question of whether the Third-Party Complaint states a claim for contribution against Scott based solely on her liability as an employer or supervisor under N.Y. Exec § 296(1)(a) and N.Y.C. Admin. Code 8-107(1)(a) to conclude that the Third-Party Complaint pleads sufficient facts to survive Scott's motion to dismiss.

### IV.  Conclusion

For the reasons provided in the foregoing opinion, Defendant's motion to dismiss the Third-Party Complaint is denied.[1]

SO ORDERED.

Dated: October 11, 2011
New York, NY

_____
U.S.D.J.

---

[1] The Court has considered all of the parties' other arguments and found them to be moot or without merit.