UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY HOFF,<br><br>                    Plaintiff,<br><br>-against-<br><br>WPIX, INC., TRIBUNE COMPANY, and BETTY ELLEN BERLAMINO, in her professional and individual capacities,<br><br>                    Defendants. | 11-CV-01591 (LBS) |
| WPIX, INC., TRIBUNE COMPANY, and BETTY ELLEN BERLAMINO, in her professional and individual capacities,<br><br>                    Third-Party Plaintiffs,<br><br>-against-<br><br>KAREN SCOTT,<br><br>                    Third-Party Defendant. | |

## THIRD-PARTY DEFENDANT'S SECOND AMENDED CROSS-CLAIMS

Third-Party Defendant Karen Scott ("Scott"), for her second amended cross-claims against Third-Party Plaintiffs WPIX, Inc. ("WPIX"), Tribune Company ("Tribune") and Betty Ellen Berlamino ("Berlamino"), alleges as follows:

### Facts Relevant to Cross-Claims

1.     On or about June 14, 2010, Scott commenced an action against WPIX in the United States District Court for the Southern District of New York. In her complaint (annexed hereto as Exhibit 1 and incorporated by reference herein), Scott asserted claims against WPIX for age discrimination related to the termination of her employment with WPIX in August 2009.

WPIX moved for summary judgment, which was denied by the Honorable Judge William Pauley on December 21, 2011. Scott's action against WPIX remains pending.

2. On or about March 8, 2011, Larry Hoff ("Hoff") commenced this action against WPIX, Tribune, and Berlamino. In his complaint, Hoff asserted claims against WPIX, Tribune, and Berlamino for age discrimination related to the termination of his employment with WPIX.

3. On or about May 9, 2011, the Third-Party Plaintiffs filed a Third-Party Complaint against Scott (the "Third-Party Action") in which they allege that, in the event that Third-Party Plaintiffs are found liable to Hoff, Scott is liable as a contributor because, as News Director of WPIX, Scott was involved with making employment-related decisions for on-air talent including Hoff.

4. The Third-Party Action was commenced because Scott commenced an age discrimination lawsuit against WPIX.

5. By commencing the Third-Party Action, Third-Party Plaintiffs acted in violation of the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the New York State Human Rights Law, New York Executive Law § 296 *et. seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et. seq.* ("NYCHRL"), as such action was taken in retaliation against Scott for exercising her legal rights through the lawsuit she commenced against WPIX.

6. Upon information and belief, WPIX had never before taken any similar action against a current or former WPIX employee.

7. Upon information and belief, Section 6.4 of WPIX's By-Laws provides that WPIX:

> shall indemnify to the full extent authorized by law any person made or threatened to be made a party to any action, suit or proceeding, whether

> criminal, civil, administrative or investigative, by reason of the fact that he, his testator or intestate is or was a director, officer or employee of the Corporation or any predecessor of the Corporation or serves or served any other enterprise as a director, officer or employee at the request of the Corporation or any predecessor of the Corporation.

This language requires WPIX to indemnify Scott for all fees and costs, including attorney's fees, that she has incurred and will continue to incur as a result of being named a party in this action.

8. In addition, based on the action commenced by Hoff, the allegations asserted therein, as well as the Third-Party Action commenced by Third-Party Plaintiffs and the allegations asserted therein, should Scott be found liable to Hoff and/or WPIX, Tribune or Berlamino in any amounts, she is entitled to indemnification from WPIX for any and all damages, losses, costs, fees, and expenses, including attorney's fees, for which she may be held liable or responsible for and/or that she has incurred as a result of being named a party in this action.

9. Scott has made a timely demand for indemnification and to date, WPIX has refused to acknowledge her statutory, contractual, and/or common law right to be indemnified.

## CROSS-CLAIM AGAINST ALL DEFENDANTS (Retaliation)

10. Scott repeats the allegations contained in paragraphs 1 through 9 above as if fully set forth herein.

11. By commencing the Third-Party Action, Third-Party Plaintiffs have violated the ADEA, 29 U.S.C. § 621 *et seq.*, the NYSHRL, § 296 *et. seq.*, and the NYCHRL, § 8-101 *et seq.*, by retaliating against Scott for exercising her legal rights asserted through the lawsuit she commenced against WPIX.

12. As a result of Third-Party Plaintiffs' conduct, Scott has suffered damages, in an amount to be determined at trial, including, but not limited to, actual damages, compensatory damages and fees, costs, and expenses, including attorney's fees, incurred in connection with being named a party in this action.

13. Third-Party Plaintiffs' conduct was willful and/or was perpetrated with reckless indifference to Scott's rights under the ADEA, entitling Scott to liquidated damages pursuant to 29 U.S.C. § 626(b).

14. Third-Party Plaintiffs' conduct was willful, outrageous, and malicious and/or was perpetrated with reckless indifference to Scott's rights under NYCHRL, entitling Scott to punitive damages pursuant to N.Y.C. Admin. Code § 8-502(a).

## CROSS-CLAIM AGAINST WPIX AND TRIBUNE (Indemnification)

15. Scott repeats the allegations contained in paragraphs 1 through 14 above as if fully set forth herein.

16. Based on the allegations contained in the Complaint and Third-Party Complaint herein, WPIX and/or Tribune is obligated to indemnify Scott for any and all damages, losses, costs, fees, and expenses, including attorney's fees, for which she may be held liable or responsible and/or that she has incurred as a result of being named a party in this action.

17. In addition, in the event there is a determination that Scott has any liability to Plaintiff, whether it be direct or through a right of contribution as asserted by the Third-Party Plaintiffs, then WPIX and/or Tribune is obligated to indemnify Scott for any and all damages, losses, costs, fees, and expenses, including attorney's fees, for which she may be held liable or responsible and/or that she has incurred as a result of being named a party in this action.

**WHEREFORE**, Scott respectfully requests judgment over and against WPIX, Tribune and Berlamino as follows:

    (i)  on her claim for retaliation with damages, in an amount to be determined at trial, including, but not limited to, actual damages, compensatory damages, liquidated damages, punitive damages, and fees, costs, and expenses, including attorney's fees, incurred in connection with her being a party to this action;

    (ii)  a declaration that Scott is entitled to be indemnified by WPIX and/or Tribune for any and all damages, losses, costs, fees, and expenses, including attorney's fees, for which she may be held liable or responsible and/or that she has incurred as a result of being named a party in this action; and

    (iii)  for such other and further relief as this Court may determine is just and proper.

Dated: April 10, 2012

              HAYNES AND BOONE, LLP
              *Attorneys for Karen Scott*

           By: _____
              Kenneth J. Rubinstein
              Sarah Jacobson
              30 Rockefeller Plaza, 26th Floor
              New York, New York  10112
              (212) 659-7300